**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CHRISTOPHER MORALES,**

    **Petitioner,**

**v().**                                               **CIVIL ACTION NO.: 1:15CV224**

**TERRY O'BRIEN, Warden**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 6]**

Following a conviction for Felon in Possession of a Firearm and Ammunition, the United States District Court for the District of Massachusetts sentenced Morales to 180 months imprisonment pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). On December 4, 2015, the pro se petitioner, Christopher Morales ("Morales"), an inmate at FCI Hazelton, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Morales challenges his sentence in light of the decision by the Supreme Court of the United States in Johnson v. United States, 135 S.Ct. 2551 (2015), which found the residual clause of the ACCA to be unconstitutional.

The Court referred this matter to United States Magistrate Judge Michael J. Aloi for initial screening and a Report and Recommendation ("R&R") in accord with LR PL P 2. On May 27, 2016, Magistrate Judge Aloi issued his R&R, concluding that Morales's § 2241 petition was the wrong vehicle to collaterally attack his sentence, and informing that such an attack should properly be brought pursuant to a § 2255 petition. Dkt. No. 6 at 3-4.

Accordingly, the R&R recommended that the Court dismiss his petition without prejudice to his right to pursue a § 2255 petition in the sentencing court.[1] Id. at 4.

The R&R also specifically warned Morales that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue. Id. at 4-5. The parties did not file any objections.[2] Consequently, finding no clear error, the Court **ADOPTS** the R&R in its entirety (dkt. no. 6) and **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** and stricken from the Court's active docket.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this order to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

Dated: April 17, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] The R&R noted that Morales has indeed filed a § 2255 petition in the District Court of Massachusetts, and the court has appointed him counsel.

[2] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-53 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).